*Robinson & Johnson* for plaintiff; *Woolley & Kinkead and Duvall* for defendants.

---

## Harris *vs* Tiffany & Co.

### ERROR TO THE JOHNSON CIRCUIT.

*Pleadings in bar. Set-off. Verdicts.*

Pet. & Sum.

*Case* 59.

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

*January* 22.

In this action against Harris by petition and summons, on a note executed by him, he pleaded that the plaintiffs had brought a former action on the same note, which by the consideration and judgment of the Court, was dismissed, with a judgment for costs against them, and exhibits the record with his plea. He also filed a plea of payment with notice of set-off. The first plea was, on demurrer, decided to be insufficient to bar the action, and issue having been joined on the second plea, the jury found a general verdict for the plaintiff, on which judgment was rendered for the debt in the petition mentioned, subject to certain credits endorsed on the note. No bill of exceptions was taken. And it is assigned for error, that the demurrer to the first plea was improperly sustained, and that the verdict did not authorize the judgment.

Case stated and pleadings, and judgment of the Court.

The first plea states the dismission of the former action to have been by the judgment and consideration of the Court. The record shows that it was upon motion

A dismissal of a suit " on motion of the plaintiff by his attorney," with a judgment

Harris
*vs*
Tiffany & Co.

for costs, pre-
.sents no bar to a
second suit for
.the    same    de-
.mand.

of the plaintiffs, by their attorney, with a judgment only for the costs, and with leave to withdraw the note sued on. The question has been discussed entirely with reference to the effect of a dismissal by the plaintiffs or their attorney, and we suppose the record is to be considered as a part of the plea. We would remark, however, upon the statement of the plea, that the mere judgment or order of the Court that an action be dismissed, should not, in our opinion, operate as a perpetual bar to the cause of action. Such an order may be founded on various causes not going to the merits of the case, but relating only to the particular attitude or form of the suit, or the mode of its prosecution. It contains no judgment that the plaintiffs take nothing, &c., or that the defendant go hence without day. It has not, therefore, the formal parts of a judgment in bar, and is, in fact, nothing more than a summary disposition of the particular suit, in a form which, as our observation has taught us, is often resorted to for brevity and convenience, and perhaps from want of skill or accuracy of the clerk in making up the record. And we think it would be giving to it greater efficacy than is generally intended, to regard it as a peremptory bar.

But the record shows that before appearance by the defendant, the former action was dismissed on motion of the attorney of the plaintiffs; and we think that the leave to withdraw the note, plainly implied that the dismission was not intended to operate as a permanent bar, or as an acknowledgment that the plaintiff had no cause of action, but rather as a suspension or postponement of the remedy, for the purpose of renewing when at a convenient time, the note was withdrawn. If it was intended to dispose absolutely of the cause of action, or to admit that there was none, the note evidencing the debt should have remained in the papers as a part of the record, or the defendant and not the plaintiffs, should have withdrawn it. We cannot doubt, therefore, as to the real intention of the order of dismission, and we are not aware of any decision or practice which requires that a technical effect should be given to it beyond what was intended.

It seems that there is no precedent in the ancient forms of entries, of a mere dismissal of an action on motion. The formal entries are, "discontinuance," and "non-suit," which were not peremptory bars, and "*nolle prosequi*," and "*retraxit*," which were peremptory bars. The *retraxit* could not be made by attorney, but only by the party himself. The *nolle prosequi* was generally as to a part of the cause of action, or as to one or more of several defendants, though doubtless it might extend to the entire suit. It is believed that these distinctions have not been strictly observed, nor accurately followed in this State, but that the summary entry of dismission has been often resorted to indiscriminately, when there should have been an order of discontinuance, or non-suit, or *nolle prosequi*, or *retraxit*. We do not feel authorized, therefore, to say that an order of dismission by the plaintiff's attorney, should in every case be deemed equivalent to a *nolle prosequi*, or *retraxit*; and as we are satisfied that in this case it was not so intended, we are of opinion that there was no error in sustaining the demurrer to the first plea.

Upon the second error assigned, it is contended that as there was a notice of set-off, the verdict should have responded more particularly to that, and that a general verdict for the plaintiffs does not dispose of the set-off. But the set-off is in truth, a part of the issue. The statute authorizes the defendant to give a set-off in evidence under the general issue, provided he gives notice, &c., (2 *Stat. Law*, 1448.) And although the plea of payment is not the general issue, it is only by so considering it that the notice of set-off was allowable. at all. Under that plea, the presumption is that the set-off showed the mode of payment intended to be relied on. But be this as it may, the set-off, when brought into the case by notice, is brought in under the statute, and is a part of the issue on the plea with which it is filed. In finding the issue wholly for the plaintiff, therefore, the jury in effect, finds against every part of the set-off. If they ought not so to have found upon the evidence, the remedy was by motion for a new trial. The failure to make such motion, and to present the evidence by bill

HARRIS
*vs*
TIFFANY & Co.

A *discontinuance* or *non-suit* was never regarded as a bar to another suit for the same cause of action, but a *nolle prosequi* or *retraxit* was regarded as a bar.

A general verdict for the plaintiff is a valid finding by the jury, although set-off be pleaded; the general finding for the plaintiff being in effect a rejection of all set-off.

of exceptions, authorizes the presumption that there was no proof which authorized, or at least none which required the jury to find any part of the set-off.

Wherefore, the judgment is affirmed.

*Apperson and McKee* for plaintiff; *Woolley and Kinkead* for defendant.