MARY VALLANDINGHAM, ET AL., *v.* G. B. IGO.

**Practice—Pleading—Evidence.**

Where in an action for collection of a debt payment is not pleaded as a defense, evidence of payment is not admissible.

APPEAL FROM FAYETTE CIRCUIT COURT.

March 12, 1875.

OPINION BY JUDGE COFER:

The record of the suits in the name of Christian were not admissible as evidence against the appellant. In the first case there was non suit, and the record under the issue made in the pleadings was not competent evidence for any purpose whatever. The second case was dismissed on motion of Christian, and he had leave to withdraw the note, which shows that there was no decision on the merits. *Harris v. Tiffany & Co.,* 8 B. Mon. 225. This record did not, therefore, support the plea in bar, and should not have been allowed to go to the jury, and especially with an intimation from the court that it was *prima facie* evidence that the debt had been paid, and cast upon the appellant the burden of proving that it had not been paid.

The appellee did not plead payment, and evidence of payment is therefore inadmissible; and if payment had been pleaded, we are

unable to perceive that the record would have tended to establish such a defense.

The court also erred in instructing the jury that if they found from the evidence that by any arrangement between Berkley and defendant the note had been satisfied and discharged, they should find for the defendent. There was no issue authorizing such an instruction. The second instruction given at the instance of the appellee correctly defined the law to the jury.

The facts relied upon in the answer, so far as Mrs. Vallandingham was effected by them, were defensive only; and the statute of limitation could not operate to deprive the appellee of his defense.

Judgment *reversed,* and cause remanded for a new trial.

*J. R. Morton, for appellants.*

*J. B. Huston, for appellee.*