## Lexington & Eastern Ry. Co., et al. v. Fields

(Decided February 4, 1913.)

### Appeal from Letcher Circuit Court.

1. Pleading—Special Damages—How Pleaded.—If a plaintiff in a personal injury case desires to recover for medical expenses incurred in the treatment of the injuries complained of, he should state in his pleading the amount so expended, or the amount that he has expended and that it will be necessary to expend in securing necessary medical attention. A petition averring that the plaintiff incurred ———— dollars in expense in medical treatment, is not sufficient to authorize a recovery for any expense on account of medical treatment, as it does not show that any sum was expended for this purpose.

2. Pleading—Defect in—When Cured by Evidence and Instructions.— Where a matter in issue is so defectively pleaded as not to warrant an instruction, and the party offers evidence in support of the matter so defectively pleaded, and there is no objection to its introduction, the adverse party will not be heard, after the court has properly instructed the jury and the verdict has been returned, to complain of the admission of the evidence and the instruction based on it.

3. Instructions—Based on Evidence Admitted Without Objection— Waiver.—Instructions should be confined to issues made by the pleadings, but if a matter put in issue by the evidence is defectively pleaded, or the scope of the pleading does not include the offered evidence, the adverse party should object to the introduction of the evidence, and if he fails to do this, will be deemed to have waived the error committed by the court in instructing the jury upon a matter that the pleading strictly construed did not authorize, although a general exception may be saved to the instruction.

4. Blasting—Duty of Person Engaged in to Give Warning.—Persons engaged in legitimate blasting have the legal right to use explosives in the progress of the work, but they are under a duty to give reasonable warning, before the explosion is made, to all persons within the zone of danger from rocks or other substances that may be thrown by the blast, and if they fail to give this warning and some person entitled to warning is injured thereby, the person causing the injury will be liable for the consequences of his act.

5.   Blasting—Duty of Persons Who Receive Warning That a Blast
     is About to be Made.—It is the duty of persons who receive a
     warning that a blast is about to be made to use reasonable dili-
     gence and care to escape from or protect themselves from the
     danger, and the failure to exercise this degree of care and dili-
     gence will amount to such contributory negligence as will defeat
     a recovery.
6.   Blasting—Evidence of Damage Done by Other Blasts Incompetent.
     —In an action to recover damages for personal injury caused
     by rock thrown from a blast, evidence of damage done to property
     by other blasts made by the same party was incompetent and
     prejudicial.
7.   Damages—Whether Excessive or Not Depends on Extent of Injury.
     —Whether a verdict for $4,000 in an action to recover damages
     for injury to an eye is excessive or not depends on whether or
     not the injury is permanent or the eye-sight permanently impaired.
     If it was, the verdict would not be excessive. If it was not, it
     would be.

     JOUETT & JOUETT and D. D. FIELDS & SON, for appellants.

        S. B. DISHMAN, E. E. HOGG, R. MONROE FIELDS and DISH-
     MAN, TINSLEY & DISHMAN, for appellee.

OPINION OF THE COURT BY JUDGE CARROLL.—Reversing.

This is an appeal from a judgment for $4,000 in the
Letcher circuit court in favor of the appellee and against
the appellant company. A small piece of rock thrown
by a blast made by the appellant company in construct-
ing a line of railway hit the appellee in the eye, and
to recover damages for the injury thus sustained he
brought the action in which the judgment was obtained.

A reversal is asked on the ground that the verdict is
flagrantly against the evidence, for alleged error in the
instructions, and in the admission of evidence, and be-
cause the verdict is excessive.

At the time the injuries were received by appellee he
was in the town of Whitesburg, which is situated im-
mediately on one side of the North Fork of the Kentucky
river, and the railroad company was engaged in blasting
at a point directly opposite the town and about three
hundred feet from where appellee was standing when he
received the injury complained of. It was also engaged
in blasting at a point about three hundred feet below the
town but on the opposite side of the river from the town.
In other words, the places at which the blasting was
being done were about three hundred feet apart.

Before blasts were fired off it was the custom of the

company to give timely warning by blowing an engine whistle and also by the cry of "fire," and on this occasion the whistle signal was given and heard by appellee. He testifies that when he heard the whistle he was standing on the street in company with several persons, and when the whistle was sounded all of them proceeded to seek a place of shelter, and he, in company with one or two others, walked between two buildings and was standing there when he was struck in the eye by a small rock that came from a blast opposite the town and also opposite the place where he was standing. That he could not tell whether the whistle was sounded to give warning that a blast would be made at the point opposite the town or at the place below the town and that under the impression that the warning was intended for a blast to be made at the point below the town he sought a place of shelter that would protect him from that blast, but not from a blast opposite the town.

The evidence for the appellant tended to show that the whistle was sounded and the cry of "fire" given before the blast was made, and that these signals, and each of them, were warnings to persons in the town and situated where appellee was, that blasts were about to be made opposite or near the town; and that appellee was familiar with these signals and the places at which blasts were being made. From this it is argued that appellee had no right to assume that these signals were warning of a blast below the town, and in failing to seek some convenient place where he would be protected from a blast opposite the town, he was guilty of contributory negligence.

Under the facts we think it was a question for the jury to say whether the warning was sufficient or not and whether or not appellee exercised ordinary care to protect himself from danger. An issue upon both of these propositions was made in the evidence, and upon the subject of the care required to be exercised by appellee, the jury were properly instructed.

One objection urged to the judgment is that the court erred in instructing the jury that they might allow appellee the reasonable expense, if any, incurred in obtaining medical treatment. This objection is based on the ground that the petition did not authorize a recovery for this item of expense. The petition averred that the plaintiff "incurred ⸺⸺⸺ dollars in

expense in medical treatment of said injuries." This averment, unless the defect in failing to state the amount was cured, did not authorize a recovery for any expense on account of medical treatment, as it did not show that any sum was expended for this purpose. Lexington Railway Co. v. Britton, 130 Ky., 676.

If a plaintiff in a case like this desires to recover for medical expenses incurred in the treatment of the injuries he complains of, he should state in his pleading the amount so expended, or the amount that he has expended, and that it will be necessary to expend in securing the necessary medical attention; as said in Bluegrass Traction Co. v. Ingles, 140 Ky., 488:

"In reference to special damages it may further be said that it sometimes happens that when the petition is filed, or when the trial is had, the plaintiff does not know the total amount that he will have to expend in effecting a cure, as he may yet be under the care of a physician. In this event the pleading should state an amount large enough to cover the sum that will be expended on this score, and the jury, the evidence justifying it, should be directed to award the plaintiff such a sum, not exceeding the amount claimed, as will compensate him for the amount that he has expended or may thereafter necessarily expend for this purpose."

But in answer to the objection that the court erred in instructing the jury upon this subject, it is said by counsel for appellee that no objection was made to the evidence introduced by appellee to show the sum expended for medical services, and this being so, the defect in the petition was cured and the instruction not open to the criticism made on this score. We think this position well taken. It will be observed that the petition sought a recovery for medical expenses, but this element of damage was so defectively pleaded as to not authorize the admission of evidence to show the amount expended, if objection to the evidence had been made. But where a matter in issue is defectively pleaded and a party offers evidence in support of the matter so defectively pleaded, and there is no objection to its introduction, the adverse party will not be heard, after the court has properly instructed the jury and the verdict has been returned to complain of the admission of the evidence or the instruction based on it.

It is of course a well settled general rule of practice

that instructions should be confined to issues made by the pleadings, but if a matter put in issue by the evidence is defectively pleaded, or the scope of the pleading does not include the offered evidence, the adverse party should object to the introduction of the evidence, and if he fails to do this, will be deemed to have waived the error committed by the court in instructing the jury upon a matter that the pleadings strictly construed did not authorize, although a general exception may be saved to the instruction.

Another complaint is that the court did not properly instruct the jury. The court gave to the jury six instructions. In instruction No. 1, they were told without any qualification that if the appellant "by itself or its agents blasted or caused to be blasted with dynamite or powder placed in the rock or dirt upon the right of way of the defendant, the Lexington & Eastern Railway Co., while grading said roadbed named in the petition, and exploded or caused to be exploded the said dynamite or powder, which when exploded hurled or threw stone, gravel or other substances against the plaintiff and injured his eye, they will find for the plaintiff."

This instruction ignored entirely the fact put in issue by the pleadings and evidence, that the plaintiff had ample warning of the blast complained of before it was exploded, and could have protected himself from injury by seeking a convenient place of shelter. It made the appellant liable if appellee was injured by the blast, although he may have had sufficient warning to have enabled him, in the exercise of ordinary care, to have escaped injury. This instruction did not correctly submit the law of the case, and evidently the court so concluded, as in another instruction the jury were told, that if they believed from the evidence that the defendant gave warning of the approaching blast by means of a whistle or otherwise, and such warning was reasonable, it was the plaintiff's duty to use reasonable diligence to escape from the danger, and they were further instructed, that if they believed that the plaintiff, after being warned of the blast, failed to exercise that degree of care and caution which a person of his age, capacity and experience might reasonably be expected to ordinarily use under the same circumstances to escape from the effects of the blast, and that but for such failure he would not have been injured, they should find for the defendant.

The law upon this subject is, that while persons engaged in legitimate work have the legal right to use explosives for the purpose of blasting, they are also under a duty to give reasonable warning before the explosion is made to all persons within the zone of danger from rocks or other substances that may be thrown by the blast, and if they fail to give this warning and some person entitled to warning is injured thereby, the person causing the injury will be liable for the consequences of his act. It is likewise the duty of persons who receive the warning to use reasonable diligence and care to escape from or protect themselves from the danger, and a failure to exercise this degree of care and diligence will amount to such contributory negligence as will defeat a recovery. Cary v. Morrison, 129 Fed., 177, 65 L. R. A., 659; City of Paris v. Commonwealth, 29 Ky. L. R., 483; L. & N. R. R. Co., v. Commonwealth, 13 Bush, 390; Blackwell v. Lynchburg & Durham Railway Co., 11 N. C., 151, 32 Am. St. Rep., 786.

From this statement of the law applicable to cases like this it is apparent that instruction No. 1, given by the court was erroneous. It is, however, insisted by counsel for appellee that the instructions are to be considered as a whole, and that the error in instruction No. 1 was cured by the modification of it contained in the other instruction.

It is true that the correctness of an instruction is generally to be determined by a consideration of all the instructions given, and that an error in one instruction may be cured by another. But it is doubtful if this rule of practice can be properly applied to these instructions. Here the jury were told in one instruction, in peremptory language, to find for the plaintiff if they believed he was injured by the blast. In another instruction they were told not to find for him if he had reasonable warning that the explosion was going to occur. The conflict between these instructions is manifest, and there is no language in the first instruction directing the attention of the jury to any other instruction modifying or explaining it. Guided by one instruction they were compelled to return a verdict for the plaintiff, while if they considered the other instruction they might not have done so. We think under the circumstances of this case instruction No. 1 was misleading and necessarily prejudicial, and that the other instructions did not cure the error.

Another ground of reversal is that the court, over the objection of appellant, permitted evidence to go to the jury that the blasting opposite the town had frequently caused rocks to be thrown on and against houses in the town, with the result that windows were broken out and other damage done to the buildings. This evidence, under the issues in this case, was clearly incompetent and we think clearly prejudicial. It would have been just as admissible for the appellee to have shown that other persons were hit by rocks thrown by blasts and to have permitted these persons to relate the extent of their injuries. Manifestly this evidence, which conduced to indicate that the company engaged in blasting was reckless and indifferent of the rights of others, was calculated to prejudice the minds of the jury.

Under the pleadings, the blasting being admitted, there were only three issues in the case. (1) Did the appellee have reasonable warning that the blast was going to be made, and could he, by the exercise of ordinary care, have sought a place of protection? (2) Did he, after receiving such warning, exercise reasonable care to shelter himself so as to avoid the injury? (3) The extent of his injuries. To these issues the evidence should have been confined.

We are also urged to reverse the judgment upon the ground that the verdict is excessive. As to this we may say, that the question whether or not the verdict is excessive depends upon the question whether or not appellee's eye is permanently injured or his eye-sight permanently impaired. If it was, we would say the verdict was not excessive. If it was not, it was excessive. The evidence upon this subject is not satisfactory, and for this reason we decline to express an opinion on this point.

The judgment is reversed, with directions for a new trial in conformity with this opinion.