## Delph's Administratrix v. J. M. Hassett Construction Company.

(Decided December 3, 1915.)

### Appeal from Estill Circuit Court.

1. Explosives—Blasting—Notice—Negligence.—Where an experienced railroad workman has sufficient notice of an intended blast to reach a place of safety before the shot is fired he cannot recover for an injury received as a result of the blast.

2. Explosives—Blasting—Safe Place.—Where a workman has left the place of work for the purpose of avoiding the effect of a prospective blast the failure to furnish a reasonably safe place in which to work is not involved.

3.  Explosives—Safe Place—Instructions.—The court properly refused
    to instruct the jury that it was the duty of the defendant to pro-
    vide a reasonably safe way for plaintiff to avoid injury, as that
    is only a branch of the question whether he had sufficient notice
    of the intended shot to have reached a place of safety.

4.  Explosives—Notice—Negligence.—In such a case it is not ma-
    terial whether the shot fired was excessive or unusual where the
    plaintiff being an experienced workman had notice of the size
    and nature of the shot in time to have reached a place of safety.

GRANT E. LILLY for appellant.

BEVERLY R. JOUETT, CLARENCE MILLER and DALLAM,
FARMSLEY & MEANS for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

J. C. Delph, an experienced railroad workman, was
struck and killed by a stone thrown from a blast exploded
by appellee company while engaged in railroad construc-
tion work and his administratrix brought this action for
damages.

The negligence alleged is, (1) that Sturgill, a powder
or blast man of appellee, who was in charge of that
branch of the work, without sufficient warning to de-
cedent shot off an excessive blast which was unreason-
able and unusual in character, and that because of its
nature and insufficiency of notice Delph was unable to
get to a place of safety before the explosion; (2) that
Sturgill, the powder man, was grossly incompetent to
fill the position which he occupied and this was known
to appellee; (3) that appellee failed to provide a reason-
ably safe way for the decedent to avoid injury from the
blasts or shots, and failed to furnish him a reasonably
safe place in which to work.

The whole evidence shows Delph was an experienced
railroad workman, having been engaged in such con-
struction work for more than sixteen years; that on the
day of the accident he was the foreman of a track-lay-
ing crew, and that Sturgill was the powder man and had
been engaged during the day in preparing a sixteen-hole
blast, the one which killed Delph, and that the same was
shot off toward the middle of the afternoon; that the
track-laying crew during the day were working about and
near where the blast was being prepared; that a few
minutes before the shot was fired Sturgill notified Delph
in person that he was going to set off a big blast and
that Delph notified his men; that the men went in differ-

ent directions seeking places of safety, some seeking shelter under a steam shovel, some under dinky flat cars some distance down the track, and some behind cliffs and trees; that Delph did not seek any of these places but went to a point about 300 yards from the place near a tree and a house; that some few minutes after having given this personal notice to the men the steam whistle blew several short blasts which was known as the signal that a shot was about to be fired; that from one and one-half to five minutes after the steam whistle blew the shot was fired; that at the time the steam whistle blew Delph was seen about 25 yards from a tree going toward it, and had plenty of time to have reached the tree or a house near it before the shot was fired, but although he had time to have gotten to these places of safety he was standing a few feet from the tree when the shot was fired and the stone struck him. Delph's own son testified that at the time the steam whistle blew he saw his father about twenty-five yards from the tree going toward it, and that it was a minute and a half or two minutes after the whistle blew before the shot was fired.

There is very little contradiction in the evidence, and it all shows that Delph had ample opportunity between the time of the notice and the explosion to have reached a place of safety; he could have gotten much further from the explosion than he did or could have reached the tree or the house near where he was killed. It is perfectly apparent that he himself thought he was in a place of safety and was a sufficient distance from the blast to be safe without seeking cover.

The instructions of the court clearly and accurately submitted to the jury the issue whether Delph had sufficient notice before the shot was fired to reach a place of safety, and under the evidence this was the only real issue in the case. The jury found a verdict for the defendant and the plaintiff has appealed.

An experienced workman who understands the danger and is cognizant of all the facts and given sufficient notice of an intended blast and does not take himself to a place of safety cannot recover. Corley's Admx. v. Green-Marks Concrete Co., 154 Ky., 45; L. & E. Ry. Co. v. Fields, 152 Ky., 19.

It may well be doubted whether in this case there was any evidence of negligence upon the part of appellee to authorize a submission of the case to the jury, but surely

under the evidence the jury was authorized to find for the defendant under the instructions given.

The question of the failure to furnish the decedent a reasonably safe place to work was not involved in this case under the evidence; all the evidence shows that at the time of the injury Delph was not at the place of work but was 300 yards from it, presumably seeking a safe place to avoid the effect of the shot.

The refusal of the court to instruct on the issue whether it was the duty of defendant to provide decedent a reasonably safe way to avoid injury was proper; that is really on a branch of the question whether he had notice of the shot in time to have avoided the injury.

While there was evidence that the sixteen-hole shot was larger than they had been in habit of firing, it is also shown that a sixteen-hole shot is by no means unusual in such work and that often much heavier shots are fired. In fact it is immaterial whether or not the shot was excessive or unusual, it all goes back to the original inquiry whether, whatever the nature of the shot was, Delph had notice of its size and nature and had sufficient notice to have reached a place of safety before it was fired.

There was no evidence, whatever, tending to show that Sturgill was an incompetent powder man; on the contrary it showed that he was an experienced, competent and careful workman, and there is no evidence to show that the blast was not properly prepared.

Under the pleadings in this case and the evidence the court properly submitted to the jury the only real question at issue and the jury found for the defendant on that.

Perceiving no error prejudicial to the substantial rights of appellant the judgment is affirmed.