## Hunt v. Simpson & Elswick.

(Decided January 24, 1928.)

### Appeal from Boyd Circuit Court.

1. Pleading.—Where amended answer attempted to present defense by alleging damages "as set out in his original answer and counterclaim," and defendant further prayed "as in his original answer and counterclaim," but no answer and counterclaim had ever been filed, result is that no amount of damages was alleged, and no relief asked, and amended answer was demurrable. •

2. Pleading.—Where defendant declined to amend after demurrer to answer was sustained with leave to amend, trial court did not err in rendering judgment for plaintiff.

3. Appeal and Error.—Where defendant declined to amend answer after demurrer was sustained with leave to amend, and judgment was entered for plaintiffs, defendant on appeal is not in position to ask that judgment be reversed and that he be given leave to amend.

JOHN T. DIEDERICH for appellant.

JOHN W. WOODS and WOODS, STEWART & SMOOT for appellees.

Opinion of the Court by Chief Justice Clay—
Affirming.

Charles Simpson and Baker Elswick, doing business in the firm name of Simpson & Elswick, brought this suit against George Hunt to recover a balance of $1,220.75 alleged to be due for certain repairs and improvements which they had contracted to make, and did make, on a building owned by Hunt, and located in the city of Ashland. After defendant had prepared an answer and counterclaim, which he never filed, an agreed order was entered, by the terms of which Hunt was to place a new roof upon the old portion of the house as soon as practicable, and before the next term of the court. When that was done, John Harvey was to determine whether there were any leaks in the portion of the roof put on by Simpson & Elswick, and, if he determined that there were no new leaks in that part of the roof, the plastering of the rooms injured by water leaking through the roof was to be put back in first-class condition and retinted so as to have a uniform color to the satisfaction of William L.Hensley. When these things were done, plaintiffs were to have judgment for the amount sued for, with interest for one year at 6 per cent per annum. It was further provided that Simpson & Elswick were to repair three doors so that they would close properly, and that the defendant was to pay the costs.

Some time later plaintiffs filed an amended petition, in which they set out the agreed order, and charged that defendant did not remove the roof from the old part of the building as he agreed to do, and place a new one thereon before the January term of the Boyd circuit court; that he did not place a new roof on the old part of the building until about ten days before the amended petition was filed, at which time he removed the roof on the old part of the building, and replaced the same with a new roof, and, contrary to the agreement, removed the roof over the new part of the building and replaced it with a new roof; that plaintiffs had no notice of the removal until the case came on for trial, and they had no opportunity to perform their part of the agreement; that they were willing to submit to John Harvey the question whether or not there was any leak in the roof which they put on the new part of the building; that at the same time they agreed and offered to retint and put the plastering in first-class condition, and make the ceiling of uniform color to the satisfaction of W. L. Hensley. They also

agreed and offered to repair the three doors mentioned in the agreed order. There was the further averment that the reasonable cost of making all the repairs was $25; that they were ready and willing to do the work, if defendant would allow them to do so, or to reduce the amount of the judgment to the extent of the cost of said work, whichever the court deemed proper. They then prayed for the amount sued for, subject to a credit of $25.

Thereafter Hunt filed an amended answer, in which he pleaded that plaintiffs had abandoned the agreement set out in the agreed order, and had failed to live up to any part of the agreement; that he was unable, on account of the weather conditions and sickness in his family, to change the roof on said building until the —— day of——, 1925. He denied that to remove the roof on the new part of the building was contrary to the agreement, or that plaintiffs were ready and willing to do the work required of them, or that to do the work would not cost more than $25, or that the reasonable worth of said work was $25. In paragraph 2 he pleaded that the roof which the plaintiffs had placed on the new part of the building was defective, and practically worthless, and that the roof leaked and damaged his house, "as set out in his original answer and counterclaim herein." He further averred that the plaintiffs never attempted to perform any part of the agreement, although defendant was anxious and willing that they should do so, and that they did not fix the doors so that they would close properly, and never offered to retint or replace the plastering that had been injured as the result of the leaks through the defective roof; that, plaintiffs having failed to perform any part of their agreement, or attempting to perform any part of the agreement, the defendant considered the order mentioned in the amended petition canceled. Following these allegations was the prayer, "Wherefore the defendant prays as in his original answer and counterclaim herein." Plaintiffs' demurrer to each of the paragraphs of the answer was sustained with leave to the defendant to amend. Declining to amend, judgment was rendered in favor of plaintiffs for the amount sued for, less a credit of $25. Defendant appeals.

Appellant asks that the judgment be reversed, with directions to the lower court to set aside the agreed order, and permit him to plead as in his answer and counterclaim, and that the amount due appellees be de-

termined by a jury under proper instructions. The basis of this contention is that the agreed order was a mere arbitration agreement, which, while executory, could be abandoned or revoked by the parties; that it was abandoned or revoked, and in the circumstances appellant was entitled to have his counterclaim for damages submitted to a jury. Even if it be assumed, without deciding, that the agreed order was of the kind that could be and was abandoned or revoked, then it was incumbent on appellant to present a valid defense to the claim of appellees. This he attempted to do by the allegation that the roof was defective, and practically worthless, and leaked and damaged his house, "as set out in his original answer and counterclaim herein." He further prayed "as in his original answer and counterclaim herein." As a matter of fact, no answer and counterclaim had ever been filed. The result is that no amount of damages was alleged, and no relief was asked. In the circumstances no valid counterclaim was pleaded, and the court did not err in sustaining the demurrer. L. & N. R. Co. v. Stewart, 163 Ky. 164, 173 S. W. 757; Lexington & Eastern R. Co. v. Fields, 152 Ky. 19, 153 S. W. 43; Radford v. Southern Mutual Life Insurance Co., 12 Bush 434. As appellant did not avail himself of the opportunity to amend, but stood on the amended answer, the court did not err in rendering judgment for appellees. Appellant is not therefore in a position to ask that the judgment be reversed, and that he be given leave to amend.

Judgment affirmed.