### Edinger v. Miller.

Sept. 28, 1943.

L. Edmund Huber for appellant.

Niles & Will for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

In October, 1941, the appellant, Edward C. Edinger, filed an action against the appellee, Lincoln Miller. In the first paragraph of his petition he asked compensation for certain services rendered by him at the request of Miller. In the second paragraph he sought compensation for services in connection with an alleged partnership agreement between him and Miller. A demurrer was sustained to each paragraph of the petition. Some four months thereafter the petition was dismissed without prejudice on Edinger's motion. Subsequently he filed the action now before us.

The three paragraphs of the second petition dealt with the same subject matter contained in the first petition, but relief was sought upon the theory of a contractual relationship between the parties. Miller filed a motion asking that the petition be dismissed on the ground that the two actions were identical. The motion to dismiss was treated as a plea of res judicata. The order dismissing the second petition relates that such action was taken because the facts and allegations set forth therein were identical with those in the first petition.

We believe the trial court erred in dismissing the second petition, since a dismissal without prejudice leaves the parties as if no action had been instituted. When the first petition was dismissed without prejudice on Edinger's motion, the parties were left where they stood originally, and there was never a determination on the merits of the controversy. There are numerous decisions of this Court to that effect. Magill v. Mercantile Trust Co., 81 Ky. 129, 4 Ky. Law Rep. 927; Harris v. Tiffany, 47 Ky. 225; Hibler v. Shipp, 78 Ky. 64. See, also, Cravens v. Hardesty, 16 Ky. Law Rep. 271; Sevier v. Bowling, 97 S. W. 806, 30 Ky. Law Rep. 217; Southern National Life Realty Corporation v. People's Bank of Bardstown, 178 Ky. 80, 198 S. W. 543; Hysteam Coal Corporation v. Ingram, 283 Ky. 411, 141 S. W. (2d) 570; and Restatement, Judgments, Section 53. These cases are not in conflict with the ruling in Crider v. Melvin, 235 Ky. 523, 31 S. W. (2d) 913, for in that case there was a judgment on the demurrer, whereas we are dealing with a situation where the dismissal was without prejudice on the motion of the plaintiff. Neither is the case of

Hunt v. Simpson & Elswick, 222 Ky. 705, 2 S. W. (2d) 376, in point, for there a demurrer was sustained to the defendant's amended answer and his petition was dismissed when he refused to amend after having been given leave to do so.

Whether the second petition is or is not demurrable is beside the point, since we have confined our consideration of the case solely to the question of whether the plea of res judicata was well founded.

Judgment reversed, with directions to set it aside for proceedings consistent with this opinion.