Elgie OVERSTREET, Appellant,

v.

Phillip GREENWELL, Appellee.

Court of Appeals of Kentucky.

May 16, 1969.

---

Joseph S. Freeland, Paducah, for appellant.

William E. Scent, Reed, Scent & Reed, Paducah, for appellee.

STEINFELD, Judge.

On October 7, 1964, appellant, Elgie Overstreet, and appellee, Phillip Greenwell, entered into a written contract by which Greenwell granted Overstreet the exclusive right to install and maintain, for a period of ten years, coin-operated amusement and/or vending machines in certain premises owned or leased by Greenwell. When Overstreet attempted to place his machines in this property Greenwell refused to let him do so but instead permitted a competing operator to place machines therein.

On January 15, 1965, Overstreet sued Greenwell for breach of contract claiming $26,000.00 past and future loss of profits. 104 A.L.R. 157. Initially, the court adjudged that he should recover " * * * the sum of $825.00, being the damages * * * for the period to and including August 4, 1965, the date of the trial of this

action * * *." The judgment also contained the following:

"2. That so much of plaintiff's claim asserted in his complaint which seeks to recover damages which plaintiff may sustain in the future be, and the same is hereby, dismissed without prejudice to any rights which plaintiff may have, if any, to recover such damages in the future."

Later the original judgment was modified only to the extent of reducing the award to $459.43 which the court found to be the correct damage " * * * for the period from December 18, 1964, to August 4, 1965, * * *".

Neither party appealed from the judgment but on August 5, 1966, Overstreet filed the present action to recover damages allegedly incurred and to be sustained subsequent to August 4, 1965, to the end of the term of the lease. He alleged the contents of the agreement which was the basis of his cause of action in the first suit, the continued refusal of Greenwell to permit the installation of the machines, and his (Overstreet's) readiness, willingness and ability to perform. He also pleaded that the first suit had been filed, that a judgment had been entered in his favor for the limited period and that "said findings and judgment are res judicata in this present action as to the facts and circumstances hereinbefore alleged and the rights and liabilities of the parties by reason thereof." He charged that the damage since August 4, 1965, had been $2,000.00 and that there would be future damage during the term of the lease all totaling $20,000.00 and demanded judgment for that amount.

Greenwell, among other defenses, pleaded that the second suit was " * * * on the same cause of action as set forth in the complaint herein" filed in the original suit and moved for summary judgment. CR 56.02. He supported his motion with an affidavit stating that a final judgment had been entered and quoting the original complaint and the lease contract. In opposition counsel for Overstreet filed his affidavit to which he attached a copy of the judgment in the first suit and the amended judgment together with the findings of fact and conclusions of law. Without stating the basis therefor the trial court sustained the motion for summary judgment and dismissed the suit from which action Overstreet appeals. We affirm.

The appellee attempts to sustain the trial court by contending that "appellant had 'split' his single cause of action" and "assuming that the trial court erred in not awarding future damages to the appellant in the first action, the second action is still barred." Overstreet denies that he "split his cause of action so as to preclude himself from bringing the present one" and claims that "the judgment in the first suit was res judicata with respect to the right which it reserved to appellant to bring the present one." On his assertion that Overstreet "split his cause of action" Greenwell contends that the contract was indivisible and he relies on 1 Am.Jur.2d 652–653, Actions, sections 135–136 in which it is stated:

"Separate actions may be brought upon separate and independent contracts, or for separate and distinct breaches of a divisible contract, as in the case of instalment obligations, subject only to the power of the court in proper cases to order them consolidated. * * *. But a single cause of action arising upon an indivisible contract or a breach thereof cannot be made the basis of several actions.

"But one cause of action arises from the breach of an entire and indivisible contract, and if in the action to enforce that cause of action the plaintiff does not demand the entire relief to which he is entitled, he cannot afterward sue for the balance. If from the nature of the contract and the breach thereof, the party injured has sustained damages, and also has other property rights under the contract, he must include his whole claim in one action, and if he omits a part and

recovers judgment for a part only, he cannot sustain another action for the omitted part."

Greenwell also relies on Davis v. Brown, 98 Ky. 475, 32 S.W. 614, 17 Ky.Law Rep. 1428 (1895), affirmed on rehearing 36 S.W. 534. That suit was predicated upon an oral agreement not to compete in the business of selling buggies and there we held " * * * the contract in question could not have authorized such a multiplicity of suits." That was not an action to recover all of the damage as in the case now before us and there was no adjudication of part of the claim and a dismissal without prejudice as to the remainder. He also relies on Mc-Hargue v. Scott, Ky., 305 S.W.2d 929 (1957), in which we said that the provisions in the contract " * * * were so mutually related and so interdependent as to make it indivisable." but in McHargue there was no previous nonprejudicial dismissal.

■ It is elementary that "where the contract is one calling for continuous or successive promises by the promisor all breaches to the date of suit must be included, while those thereafter occurring may be claimed in a later suit." (citing many cases). Clark on Code Pleading, 481. Cf. Howard v. Benefit Ass'n of Railway Employees, 239 Ky. 465, 39 S.W.2d 657, 81 A.L.R. 375 (1931). "Piecemeal litigation is contrary to the policy of the courts." Wenk v. Ruby, Ky., 412 S.W.2d 247 (1967). Where, as here, the lessor refuses to comply with the terms of the lease, " * * * the measure of damages in an action by the lessee is the difference between the agreed rent and the rental value of the premises." Geary v. Taylor, 166 Ky. 501, 179 S.W. 426 (1915). This rule was expressed in 104 A.L.R. 141 and repeated in 88 A.L.R.2d 1032:

" * * * damages recoverable for a lessor's failure to put his lessee in possession under a lease of real property are measured by the excess, if any, of the rental value of the premises for the term demised over the rent agreed upon in the lease."

Also see 51C C.J.S. Landlord and Tenant § 314, p. 793; 32 Am.Jur. 157 Landlord & Tenant, section 162 and 17 Am.Jur.2d 757–760 Contracts, sections 324–325.

In Sloan v. Hart, 150 N.C. 269, 63 S.E. 1037, 21 L.R.A.,N.S., 239 (1909), it was stated:

" * * *. The failure to put the lessee in possession was one single act of omission which constituted a breach of the contract of lease, and excuses him from tendering the rent. Therefore the damage is susceptible of immediate assessment, as the lapse of time is not necessary to develop it. It is a principle in the law of contracts, as well as torts, that where the right of a party is once violated, the injury immediately ensues, and the cause of action arises. The recovery will then embrace such legal damages as may be recovered for the breach. In its application to a tort, the rule is very clearly stated in Mast v. Sapp, 140 N.C. 533, 53 S.E. 350, 5 L.R.A.(N.S.) 379, 111 Am.St.Rep. 864. In assessing damages in cases of this character the principle of Hadley v. Baxendale, 9 Exch. 341, is upheld by the Supreme Court of Connecticut, as well as by the other courts that have passed on the question. This excludes the assessment of speculative or consequential damages, and confines the recovery to such actual damages as may be reasonably supposed to have been within the contemplation of the parties at the time the contract was made. The measure of damages appears settled, by practically all the authorities, to be the difference between the rent agreed upon and the market value of the term, plus any special damages alleged and approved. Cohen v. Norton, 57 Conn. 480, 18 Atl. 595, 5 L.R.A. 572; Herpolsheimer v. Christopher, supra [76 Neb. 352, 107 N.W. 382, 111 N.W. 359, 9 L.R.A.,N.S., 1127]. In these cases practically all the precedents are collected."

■ From the foregoing it appears to us that Overstreet's claim was one which he could not split.

Overstreet responds that even if the claim was indivisible there was no splitting of his cause of action since he claimed in the first suit all of the damages for the entire period and in the second suit those which were reserved to him by the involuntary dismissal without prejudice. He relies upon Illinois Central Railroad Co. v. Davidson, Ky., 115 S.W. 770 (1909), where we said: "Yet this judgment only included the damages to the time that appellee filed his action, and he may in the future recover any damages to which he is subjected for the failure of appellants to comply with the conditions prescribed in the first deed referred to." We consider Davidson inapplicable because the facts were entirely different.

■ When the trial court dismissed without prejudice those issues which it did not resolve it left the plaintiff free to litigate "any rights which (he) may have" as " * * * there was never a determination on the merits of the controversy" of the claimed damages arising after the date of the first judgment (Edinger v. Miller, 295 Ky. 287, 174 S.W.2d 421 (1943) ) but did any rights remain?

"Dismissals of actions without prejudice ordinarily indicate that such judgments of dismissal affect no right or remedy of the parties and that there has been no decision of the case on the merits." 27 C.J.S. Dismissal and Nonsuit § 73, p. 471.

■ We held in Hays v. Sturgill, 302 Ky. 31, 193 S.W.2d 648, 164 A.L.R. 868 (1946), that a dismissal without prejudice " * * * usually means without prejudice to the right to bring another suit or take further proceedings," and that this type of dismissal "does not have the effect of an adjudication on the merits and will not bar another action on the same such matter. It remains res integra." Also see O'Neal v. Turney's Ex'x, 222 Ky. 361, 300 S.W. 913 (1927). Originally Overstreet did not split his cause of action but when he sued again for a part of a claim which was indivisible this act was the splitting of his cause of action. The dismissal without prejudice did not have the effect of reserving that claim. Overstreet's remedy was to appeal from so much of the judgment as dismissed his claim for damages arising in the future.

Greenwell also contends that the doctrine of res judicata applies ending the litigation in the previous suit. 1 Am.Jur. 650, Actions, section 130. He also relies upon Deering v. Stites, 257 Ky. 403, 78 S.W.2d 46 (1935), which quoted 23 Cyc. 1170:

"If a party is brought into a case and has a fair legal opportunity to present and enforce any claim he may have in relation to the subject-matter, he must avail himself of it, and, whether an original party or an intervener, he must present his whole case, extending his claim so as to embrace everything which properly constitutes a part of his cause of action or defense. Further, a plaintiff must recover in one action all he is entitled to; if dissatisfied with the result, he cannot bring a new suit to recover something more on the same cause of action."

■ Wallace v. Ashland Oil & Transport Co., Ky., 305 S.W.2d 541 (1957), noted that " * * * Generally it may be said a plea of res judicata is a bar to a subsequent action * * * ". Inasmuch as Overstreet had but one cause of action which he could not split the judgment barred a second suit on the claim.

The judgment is affirmed.

All concur.