## Sumner, et al. v. Brewer.

(Decided January 13, 1925.)

### Appeal from Perry Circuit Court.

1. Judgment—Wife Not Party nor Privy to Action Against Husband to Subject Realty to Satisfaction of Debt is Not Affected by Judgment Therein.—Wife not party nor privy to suit in circuit court on judgment and return against husband for purpose of subjecting realty to payment of his debt is not affected by judgment therein rendered.

2. Judgment—Judgment Dismissing for Want of Prosecution Prior Action to Set Aside Judicial Sale of Property Not Bar to Action to Quiet Title.—Judgment dismissing for want of prosecution suit instituted by wife to set aside judicial sale of property to satisfy husband's debt, and to enjoin interference with her possession, is not decision on merits, and does not bar subsequent suit by her to quiet title.

3. Appeal and Error—Chancellor's Finding of Fact on Conflicting Evidence Not Disturbed.—Findings of chancellor on question of fact will not be disturbed where evidence is conflicting, though some doubt exists.

EVERSOLE & CAMPBELL for appellants.

NAPIER & HELM for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

J. C. Sumner sued J. W. Brewer in the Perry quarterly court and obtained a judgment for a small debt. Execution was issued thereon and returned "no property found." Thereafter he filed a transcript of the record in the Perry circuit court and had an execution issued thereon which was placed in the hands of the sheriff of Perry county and also returned "no property found." He then instituted an action in the Perry circuit court on the judgment and return of no property found for the purpose of subjecting to the payment of the debt two lots in Hazard, Kentucky, but Martha Brewer, the wife of J. W. Brewer, was not a party to the action. Sumner was adjudged a lien on the property to secure the amount of the judgment and costs, and the property was ordered sold. Sumner became the purchaser, the sale was confirmed and thereafter the master commissioner executed a deed conveying him the property.

In the year 1916, Martha Brewer, claiming to be the owner of the property in question, brought suit against J. C. Sumner and others to set aside the sale to him, and to enjoin him from interfering with her in the possession of the property. This case was afterwards dismissed on the court's own motion for want of prosecution.

Later on, Martha Brewer brought this suit against Sumner and the sheriff, alleging that she was the owner and in possession of the property, and asked that the defendants be enjoined from interfering with her possession and that her title be quieted. In addition to denying the allegations of the petition, the defendants pleaded the judgment in the equitable action of J. C. Sumner

against J. W. Brewer, and also the judgment of dismissal in the action brought by Martha Brewer in bar of her right to recover. For further defense they pleaded that J. W. Brewer was the purchaser and owner of the property, and that the deed which appeared of record in the name of Martha Brewer was executed to J. W. Brewer and thereafter forged by erasing his name and substituting hers before the deed was put to record. On final hearing the chancellor granted Mrs. Brewer the relief asked, and defendants have appealed.

As Mrs. Brewer was neither a party nor a privy to the suit brought by Sumner against her husband, her rights were in no way affected by the judgment rendered in that action. Aspden v. Nixon, 4 Howard 467, 11 U. S. (L. ed.) 1059; Henderson County v. Henderson Bridge Co., 116 Ky. 164, 75 S. W. 239, 105 A. S. R. 197. Nor did the order dismissing the suit which Mrs. Brewer brought against Sumner and others operate as a bar to this action, as that suit was dismissed solely for want of prosecution and there was no decision on the merits. Pepper v. Donnelly, 87 Ky. 259, 8 S. W. 441; Harris v. Tiffany & Company, 8 B. Mon. 225.

On the question of forgery, and the incidental question of who purchased and paid for the property, Mrs. Brewer or her husband, the facts are such as to bring the case within the rule that a finding of the chancellor on a question of fact will not be disturbed on appeal where the evidence is conflicting, and on consideration of the whole case the mind is left in such doubt that it can not be said with reasonable certainty that the chancellor erred in his conclusion. Jones v. Tarry, 187 Ky. 700, 220 S. W. 523.

Judgment affirmed.