James R. YOCOM, Commissioner of Labor and Custodian of the Special Fund, Frances Jones Mills, Treasurer of the Commonwealth of Kentucky and Custodian of the Uninsured Employers' Fund, and Blue Ribbon Coal Company, Appellants,

v.

Asie HAYDEN and Kentucky Workmen's Compensation Board, Appellees.

Court of Appeals of Kentucky.

Feb. 10, 1978.

Discretionary Review Denied June 27, 1978.

Cyril E. Shadowen, Asst. Counsel, Dept. of Labor, Louisville, Kenneth E. Hollis, Gen. Counsel, Dept. of Labor, and Richard M. Joiner, Asst. Atty. Gen., Frankfort, John V. Porter, Paintsville, for appellants.

John David Preston, George Chad Perry, III, Paintsville, for appellees.

Before HOGGE, PARK and REYNOLDS, JJ.

HOGGE, Judge.

This is an appeal from a judgment of the Johnson Circuit Court affirming an award of the Workmen's Compensation Board.

Asie Hayden was a thirty-five year old male, who had engaged in the occupation of underground coal mining for approximately seventeen and one-half years. He worked for the Blue Ribbon Coal Company until January of 1972, at which time he filed a claim for workmen's compensation benefits allegedly due for disability resulting from the occupational disease of coal miner's pneumoconiosis. He consulted physicians in

regard to his claim, and was advised that he had contracted the occupational disease, and that good medical hygiene would dictate that he not return to employment in the coal mining industry.

While the claim was in litigation, it was discovered that the employer had elected not to be covered by the act. Thereafter, Mr. Hayden's claim was dismissed without prejudice. From January 1972 until October 1974, the claimant worked at "odd jobs." In October 1974, the employer Blue Ribbon Coal Company, prevailed upon Mr. Hayden to return to work. He worked for Blue Ribbon from October 1974 until January 1975. After leaving his employment in January 1975, he again filed for benefits and the claim was assigned the same number as had been assigned to the 1972 claim. After January 1, 1973, the Workmen's Compensation Act was mandatory. However, Blue Ribbon had remained uninsured and the Uninsured Employers' Fund was named as a party-defendant in the second proceeding.

The Workmen's Compensation Board, in the second proceeding, awarded Mr. Hayden benefits for total and permanent occupational disability. The liability for said award was apportioned with seventy-five percent being assessed against the Special Fund and twenty-five percent being assessed against the employer. The award was affirmed by the Johnson Circuit Court. This appeal is prosecuted by the Special Fund, the Uninsured Employers' Fund, and the employer, Blur Ribbon Coal Company.

■ KRS 342.316(1), as it was written in January 1972, provided that an employee must file his claim within one year after he became disabled.

KRS 342.316(2)(a) provided that as long as an employee continued in the full-time employment by the same employer, he could not be considered to be disabled and there was a conclusive presumption that he was not disabled. This provision had the effect of tolling the statute of limitations until the claimant ceased his employment. However, once the employee ceased his employment, the presumption of nondisability also ceased.

All three appellants argue that the holdings in *Yocom v. Karst,* Ky., 528 S.W.2d 697 (1975) and its companion case *Brock v. Workmen's Compensation Board,* Ky., 528 S.W.2d 701 (1975) are dispositive of this appeal. The holdings of these two cases establish the principle that where a coal miner has been diagnosed as silicotic, the presumption, arising from continued employment in the mining industry, that he is not disabled is negated by a substantial period of unemployment between the cessation of that employment and a renewal of that employment; and, therefore, the presumption of nondisability arising from continued employment cannot be invoked. Lacking a presumption of nondisability, it is incumbent upon the claimant to prove that his disability did not exist until his latest period of employment or that any preexisting disability was enhanced by his subsequent exposure to mining.

According to the unanimous medical opinion, as well as the claimant's own testimony, he was under substantial disability prior to engaging in his final period of employment. However, all the doctors were of the opinion that the latest exposure could have contributed to his silicotic condition. Dr. Van Hoose, in response to the question, "Would this last exposure of four months have enhanced any disability this man might have had?", answered, "I would say it would, yes."

At page 699 of the *Karst, supra,* opinion, the court stated: "While two doctors testified that the five hours of exposure in June 1973 were capable of contributing to silicosis, *neither testified that the exposure did in fact enhance Karst's previous state of disability.*" [Emphasis ours.] This is a significant difference from the evidence in this case, as cited above.

The *Karst, supra,* case held that a subsequent exposure cannot be the basis for liability as to any preexisting disability for which a claim could have been filed within the statutory period. Therefore, it was the duty of the board to determine from the

evidence what portion of the claimant's disability existed prior to his last period of exposure and what portion of his disability was the result of his last exposure. The board's failure to make this determination was reversible error, because, while compensation for the earlier exposure is barred by the statute of limitations, the disability incurred as a result of the claimant's last period of exposure is compensable. We realize that this is a difficult undertaking; however, it is an issue that must be determined by the trier of fact, in this case, the board.

■ Appellants, Uninsured Employers' Fund and Blue Ribbon Coal Company, also argue that the appellee's claim is barred by KRS 342.035. KRS 342.035(2) provides in part: "No compensation shall be payable for the . . . disability of an employe[e] . . . if and insofar as his disability is aggravated, caused or continued, by an unreasonable failure to submit to or follow any competent surgical treatment or medical aid or advice."

It is undisputed that the appellee returned to underground mining against the advice of his physicians. However, the statute precludes recovery only in the event that his action is deemed "unreasonable." In this case, the claimant had been unemployed for a substantial period, had been unable to qualify for any supplemental income assistance, and had a family to support. Additionally, the employer, who now asserts that it was unreasonable for the claimant to return to work, with full knowledge that the appellee had filed an earlier claim for benefits based on silicosis, actually encouraged the appellee to return to employment in underground mining. Under the circumstances, we are not prepared to conclude that it was unreasonable for the claimant to do so.

■ The last basis for this appeal is founded on the principle of res judicata. There are several reasons that this principle does not apply to the present case. First, the earlier claim was dismissed without prejudice. It is a general rule that a dismissal without prejudice does not preclude the maintenance of a subsequent action on the same facts. Second, this claim is not based on the same facts in that this claim involves a different exposure. Third, there is not complete identity of parties, in that the Uninsured Employers' Fund is a party to this action, and was not a party in the first action.

This case is reversed and remanded for a determination of what portion of the claimant's disability is attributable to his latest exposure, and is therefore compensable, and what portion is attributable to his previous exposure and is now barred.

Judgment reversed.

All concur.