468

Thelma L. STOVALL, Commissioner of Labor (Special Fund); and Coal Miners' Pneumoconiosis Fund, Appellants,

v.

Shelby Gene STUMBO; Windsor Mining Company, Inc.; and Workers' Compensation Board, Appellees.

**WINDSOR MINING COMPANY, Appellant,**

v.

Howard C. LAWSON, Deputy Commissioner of Labor and Successor to John Calhoun Wells, Custodian of the Special Fund & Coal Miners' Pneumoconiosis Fund; Shelby Gene Stumbo and Workers' Compensation Board of Kentucky, Appellees.

Court of Appeals of Kentucky.

Feb. 24, 1984.

Discretionary Review Denied by Supreme Court Oct. 17, 1984.

Cyril E. Shadowen, Louisville, for Special Fund and Coal Miners' Pneumoconiosis Fund, Dept. of Labor.

W.W. Burchett, Prestonsburg, for Shelby Gene Stumbo.

David H. Neeley, Francis, Kazee & Francis, Prestonsburg, for Windsor Mining Co.

Before HAYES, C.J., and REYNOLDS and WILHOIT, JJ.

HAYES, Chief Judge:

This is a workers' compensation case in which the Special Fund, the Coal Miners' Pneumoconiosis Fund, and the employer, Windsor Mining Company, appeal from the judgment of the Floyd Circuit Court affirming the opinion and award of the Workers' Compensation Board granting Shelby Gene Stumbo total and permanent disability benefits for his pneumoconiosis/silicosis claim.

In November of 1973, Shelby Stumbo was awarded total and permanent disability benefits for the same disease by the Workers' Compensation Board and had received full benefits for that illness. The issue is whether or not a person may be awarded

100% compensation twice for the same disease. This is a case of first impression in this jurisdiction.

Shelby Gene Stumbo began working in the coal mines about 1954, according to his form 11, which would have made him nine years old. He worked until approximately May of 1972, when he became totally and permanently disabled as a result of the occupational disease of pneumoconiosis and/or silicosis. In an opinion and award dated November 21, 1973, the then Workmens Compensation Board found him to be totally and permanently disabled and awarded him the benefits applicable at that time for the maximum period of time, 425 weeks.

At some point thereafter, Mr. Stumbo returned to work in the coal mines. His form 11 indicates that he went back to work in 1977. At the hearing before the hearing officer, however, Mr. Stumbo indicated that it was a much earlier date, and the employer involved, Southeast Coal Company, indicates that it was in 1974. In 1977, Mr. Stumbo's benefits from the prior award were converted to a lump sum award. In or about 1978, Mr. Stumbo applied for benefits under the Federal Coal Mine Health and Safety Act. On or about March 14, 1980, pursuant to the findings of the Workers' Compensation Board, the plaintiff became totally and permanently disabled as a result of coal workers' pneumoconiosis and/or silicosis arising out of and in the course of his employment as a coal miner. The Board then went on to award Mr. Stumbo total and permanent disability benefits.

We find the findings of fact by the Workers' Compensation Board to be clearly erroneous for two reasons. First of all, the Board found that the award of 1973, while styled an award for total and permanent disability benefits was not such an award as it was limited to 425 weeks. We find that this award was indeed a total and permanent award pursuant to KRS 342.-095(1) which was in effect until January 1, 1973, and at the time of Mr. Stumbo's disability.

Secondly, KRS 342.730(3) effective January 1, 1973 through July 15, 1982, states:

The period of any income benefits payable under this section on account of any injury shall be reduced by the period of income benefits paid or payable under this Chapter on account of a prior injury if income benefits in both cases are for disability of the same member or function or different part of the same member of function, and the income benefits payable on account of the subsequent disability in whole or in part would duplicate the income benefits payable on account of the pre-existing disability.

Clearly the Board failed to take into consideration this statute and the prior award for total and permanent disability for pneumoconiosis and/or silicosis which would prevent the Board from awarding an additional total and permanent disability award for the same condition or disability of the same function. There was no proof that Mr. Stumbo ever recovered from the prior condition, and in fact the reverse is the case. Several of the physicians' depositions indicated that the conditions of pneumoconiosis and/or silicosis result from long term exposure to coal dust. These physicians further stated that pneumoconiosis and/or silicosis is a progressive disease, and finally Mr. Stumbo himself in the hearing before the hearing officer in December of 1980, indicated that he had suffered severe symptoms for six or seven years. We cannot find any facts to support the finding of the Board that this was a new disability. This decision is entirely in keeping with that in *Yocom v. Hayden*, Ky.App., 566 S.W.2d 776 (1978), which requires the Board to determine what portion of an employee's disability was a result of a prior exposure. In this case the Board failed to do that and in doing so disregarded the requirements of the statute.

Therefore, we reverse the judgment of the Floyd Circuit Court and remand this case with directions that it be remanded to the Workers' Compensation Board for a dismissal of this claim.

REYNOLDS, J., concurs.

WILHOIT, J., dissents.

WILHOIT, Judge, dissenting:

I respectfully dissent from the majority opinion. I believe the following statement found in the opinion of the Workers' Compensation Board takes a realistic approach to this case and that the Board's result in this respect does not violate either statute or case law:

> [A]n employee, although adjudicated permanently and totally disabled and fully compensated therefore (sic), may thereafter acquire a wage earning capacity. If he then suffers a subsequent injury which deprives him of such newly acquired wage earning capacity, he may be entitled to compensation for such loss.

Our courts have long recognized, just as human experience teaches us, that a wage earner who has been disabled and cannot work for an extended period of time may in the future be able to resume gainful employment. *See Inland Steel Co. v. Mosby,* Ky., 375 S.W.2d 268 (1964). The former KRS 342.730(3) (repealed 1982) does not preclude an award in this case. That statute referred to "any *scheduled* benefits payable" (emphasis added), and we are not concerned here with scheduled benefits but with benefits paid for total disability subject to the 425-week limitation contained in the former KRS 342.095 (repealed 1972, effective Jan. 1, 1973). I believe the proper disposition of this case, in view of the strong evidence that even though the claimant had returned to gainful employment he still suffered some occupational disability, would be to remand the matter to the Board for an apportionment of his disability at the time of his return with that when he became again totally disabled. That portion of his present disability which existed when he returned to work has already been compensated for and would no longer be compensable; the balance would. *Cf. Yocom v. Hayden,* Ky., 566 S.W.2d 776 (1978).