Charles E. **POLK**, Jr., and GC & Associates, Inc., Appellants,

v.

George M. **WIMSATT**, Jr., Yvonne A. Wimsatt, G. William Blackburn, Jr., and Stallings & Stallings, Appellees.

Court of Appeals of Kentucky.

March 8, 1985.

Rehearing Denied May 3, 1985.

Henry Meigs, II, Kenneth S. Handmaker, Middleton & Reutlinger, Louisville, for appellants.

John A. Fulton, Joseph L. Lenihan, Woodward, Hobson & Fulton, John T. Ballantine, Ogden, Robertson & Marshall, G. William Blackburn, Jr., Louisville, for appellees.

Before GUDGEL, HOWARD and WILHOIT, JJ.

WILHOIT, Judge.

This is an appeal from orders of the Jefferson Circuit Court dismissing the appellants' complaint and denying their motion to file an amended complaint. The appellants claim that the court erred in its

dismissal of their complaint and denial of their motion.

The complaint in this action sought damages against the appellees for breach of a contract which provided that certain funds held in escrow should remain in escrow until an agreement was reached as to their disposal, or until

a final adjudication by a court of competent jurisdiction (including that of a final appellate court, should an appeal be taken) relative to the claimed indebtedness of the parties litigant in Jefferson Circuit Court Civil Action No. 80CI–10575.

The contract was made on January 28, 1981. Civil Action No. 80–CI–10575 had begun with the filing of a complaint on November 6, 1980. On June 11, 1982, pursuant to CR 77.02(2), that complaint was ordered dismissed "with prejudice for lack of prosecution" and the proceeds held in escrow were directed to be paid over to the appellees George and Yvonne Wimsatt. Following a motion to vacate this order, on October 18, 1982, the court amended its prior order to dismiss with prejudice "all claims, counterclaims, or cross-claims of any kind or character made by any of the parties hereto" for lack of prosecution and to delete the order to pay over the funds. The appellant G.C. & Associates, Inc. took an appeal from this order and that of June 11. This Court, in an unpublished opinion affirmed the decision of the trial court, and the Supreme Court denied discretionary review on January 11, 1984. It was following this that the orders appealed from in the instant action were entered.

The appellants argue that the trial court should not have dismissed the complaint in this action because the dismissal with prejudice in Civil Action No. 80–CI–10575 did not constitute a final adjudication of the claim as it did not constitute a "final adjudication ... relative to the claimed indebtedness."

■ The common law of this jurisdiction has long recognized that the dismissal of a suit for lack of prosecution alone would not operate as a bar to the cause of action. *Sumner v. Brewer,* 206 Ky. 579, 267 S.W.

1080 (1925); *Harris v. Tiffany & Co.,* 47 Ky. (8 B.Mon.) 225 (1848). If this rule is operative here, then the appellants are correct that there has been no "final adjudication." To determine the efficacy of the rule under the present circumstances, we must consider the effect of the applicable Civil Rules and this Court's prior opinion in Civil Action No. 80–CI–10575.

A dismissal with prejudice, of course, acts as a bar to again asserting the cause of action so dismissed. It thus has the effect of a judgment on the merits constituting the cause res judicata. CR 77.02 makes no provision as to whether a dismissal under it should be with or without prejudice, and in *Hertz Commercial Leasing Corp. v. Joseph,* Ky.App., 641 S.W.2d 753 (1982), where the Rule had not been strictly complied with and the order of dismissal did not recite that the dismissal was with prejudice, this Court held that such a dismissal may not "be automatically considered 'with prejudice'." *Id.* at 755. The opinion in that case, however, did not specifically consider CR 41.02(3) (emphasis added), which provides:

Unless the court in its order for dismissal otherwise specifies, a dismissal under this Rule, *and any dismissal not provided for in Rule 41,* other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, *operates as an adjudication upon the merits.*

*See also Stephenson v. Boswell,* Ky., 319 S.W.2d 457 (1959). This provision would seem to render a dismissal pursuant to CR 77.02 a dismissal with prejudice regardless of whether the trial court so provided. In any event, *Hertz* is distinguishable from the case at hand in that the order here specifically provided for dismissal with prejudice and the provisions of CR 77.02 were finally, though not initially, complied with.

■ Because of the grave consequences of a dismissal with prejudice, we have no doubt that such a dismissal pursuant to either CR 41.02 for failure to prosecute or CR 77.02 should be resorted to only

in the most extreme cases, *see* 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2369 (1971), and that this Court should carefully scrutinize the trial court's exercise of discretion in doing so. This kind of dismissal may even raise questions of constitutional import. *Cf. Societe Internationale pour Participations Industrielles v. Rogers,* 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958). Less drastic remedies, including dismissal without prejudice, would normally suffice to punish a dilatory, but not recalcitrant, party where the rights of other parties have not been prejudiced by the delay. Even so, the dismissal of Civil Action No. 80–CI–10575 is not open to our review. Another panel of this Court has already determined that it did not constitute an abuse of discretion. That panel's opinion has become final. We, as well as the parties, are bound by it. *See Fannin v. Davis,* Ky., 423 S.W.2d 235 (1967); *E.F. Prichard Co., Inc. v. Heidelberg Brewing Co.,* 314 Ky. 100, 234 S.W.2d 486 (1950); *Skinner v. Morrow,* Ky., 318 S.W.2d 419 (1958); *Villier v. Watson,* 168 Ky. 631, 182 S.W. 869 (1916). That opinion was a "final adjudication ... relative to the claimed indebtedness."

Even had the appellants sought relief from the former order pursuant to CR 60.-02, such a proceeding would not have affected the finality of the order in the prior case. *See* CR 60.02. We find no error in the court's dismissal of the complaint in this action.

 We likewise find no error in the court's denial of the appellants' motion to amend their complaint. The amended complaint sought to raise the same claims as the complaint which had been dismissed with prejudice in Civil Action No. 80–CI–10575. The dismissal of that action with prejudice precludes another action on the same matter. *Cf. Overstreet v. Greenwell,* Ky., 441 S.W.2d 443 (1969); *Yocom v. Hayden,* Ky.App., 566 S.W.2d 776 (1978); 27 C.J.S. *Dismissal and Nonsuit* § 73 (1959).

The orders of the trial court are affirmed.

All concur.