**Ray MARCUM, Appellant,**

v.

**WOLF CREEK COLLIERIES; Vicki G. Newberg, Acting Director of Special Fund; Ronald W. May, Administrative Law Judge, and Workers' Compensation Board, Appellees.**

No. 92–SC–697–WC.

Supreme Court of Kentucky.

Feb. 18, 1993.

Case Ordered Published by Supreme Court April 22, 1993.

Wolodymyr I. Cybriwsky, Prestonsburg, for appellant.

Paul E. Jones, Baird, Baird, Baird & Jones, P.S.C., Pikeville, for appellee Wolf Creek Collieries.

David Randall Allen and Cathy Utley Costelle, Labor Cabinet—Sp. Fund, Louisville, for appellee Newberg, Special Fund.

OPINION OF THE COURT.

Claimant, a coal miner, quit work in 1973 because of a lung condition and sought compensation benefits. In 1974 he was awarded permanent, total disability benefits due to coal workers' pneumoconiosis. He was also awarded federal benefits for pneumoconiosis. Although his date of last exposure was February 19, 1973, and the 1972 amendments to the Workers' Compensation Act provided for lifetime benefits for permanent, total occupational disability, the award was limited to 425 weeks, presumably pursuant to *Maggard v. International Harvester Co.*, Ky., 508 S.W.2d 777 (1974), which was cited in the Opinion and Award entered by the old Workers' Compensation Board (old Board).

In 1980, claimant returned to work as a security guard for his former employer and worked until May 9, 1988, when he began "taking blackout spells." He then filed another claim for permanent, total, occupational disability, alleging that he experienced shortness of breath. The application was supported by two medical reports with the diagnosis of pneumoconiosis/silicosis.

The employer moved to dismiss the claim, citing *Stovall v. Stumbo*, Ky.App., 676 S.W.2d 468 (1984), because a worker may not be compensated twice for the same disease. Claimant had already been compensated for permanent, total, occupational disability due to pneumoconiosis pursuant to the earlier award.

The Administrative Law Judge (ALJ) noted that claimant relied on the same exposure history in his application as he had relied upon in the prior claim. The ALJ also took judicial notice that there is no cure for pneumoconiosis and that the disease can progress even in the absence of

further exposure. Regardless of the fact that the prior award was limited to 425 weeks, it clearly was based on a finding that in 1974 claimant was permanently and totally, occupationally disabled by occupational pneumoconiosis. Even if the 425–week limitation in the prior award had been erroneous, and the ALJ did not find that it was, such a patent error should have been brought to the attention of the fact-finder through a petition for reconsideration. That was never done. Accordingly, the claim was dismissed.

Claimant then filed a petition for reconsideration and also requested that the current application be considered a motion to reopen the 1974 proceeding. The ALJ overruled both the petition and the motion to reopen. Both the new Workers' Compensation Board (new Board) and the Court of Appeals affirmed, and we affirm.

In 1974, the old Board had ruled that claimant was permanently and totally, occupationally disabled by coal workers' pneumoconiosis. The ALJ found that the instant claim was for the same cause of disability as that upon which the 1974 award had been made. There was no medical evidence that claimant had recovered from pneumoconiosis and subsequently contracted the disease a second time. In fact, the ALJ took judicial notice that there is no cure for the disease and that the disease would progress even after hazardous exposure had ceased. Contrary to claimant's assertion, a return to work does not preclude a previously injured worker from continuing to be considered permanently and totally occupationally disabled. *Yocom v. Yates*, Ky.App., 566 S.W.2d 796 (1978).

The ALJ's conclusions were based upon substantial evidence and supported the decision to dismiss the instant claim pursuant to *Stovall v. Stumbo, supra*. The instant case is distinguishable from *Hodgkin v. Webb*, Ky., 221 S.W.2d 664 (1949), cited by the claimant. In that case the worker sought to reopen a permanent, partial disability award, alleging that a worsening of his condition had caused an increase in his occupational disability. The claimant herein was awarded a permanent, total, occupational disability for coal workers' pneumo-

coniosis. The fact that the disease caused his physical condition to deteriorate after the award does not entitle him to receive additional benefits for that same condition.

The ALJ did not find that the 425–week duration of the 1974 award was patently erroneous. In fact, claimant has failed to even assert a reason why this Court's decisions in *Maggard v. International Harvester Co., supra*, which was cited in the 1974 Opinion and Order, and in *Chapman v. Eastern Coal Corp.*, Ky., 519 S.W.2d 390 (1975), do not preclude the argument that it was erroneous. Had there been a basis for such an argument, claimant was obliged to bring the issue before the old Board in a petition for reconsideration and/or appeal. Because he failed to do so, he is precluded from raising the issue at this time. *See*, KRS 342.125; *Keefe v. O.K. Precision Tool & Die Co.*, Ky.App., 566 S.W.2d 804 (1978).

The decision of the Court of Appeals is hereby affirmed.

All concur except COMBS, J., who did not sit.