RENDERED: MARCH 24, 2022
TO BE PUBLISHED

# Supreme Court of Kentucky

2021-SC-0138-DG

AARON JONES                                                                APPELLANT


V.
ON REVIEW FROM COURT OF APPEALS
NO. 2020-CA-0260
JEFFERSON CIRCUIT COURT NO. 14-CI-001407


RAY PINTER D/B/A RAY PINTER                                       APPELLEE
CONSTRUCTION


**OPINION OF THE COURT BY CHIEF JUSTICE MINTON**

**REVERSING AND REMANDING**

This personal injury action has been percolating through the Kentucky courts since 2014. At issue at this stage in the case is whether the trial court abused its discretion by dismissing this action with prejudice under CR[1] 41.02(1). We accepted discretionary review to examine further when the extreme remedy of dismissal of a civil action with prejudice under CR 41.02(1) is appropriate. Finding an abuse of discretion on this record, we reverse.

## I. FACTS AND PROCEDURAL BACKGROUND

In 2014, Appellant Aaron Jones commenced this tort action, alleging violations of state and federal laws relating to occupational safety. Jones

---

[1] Kentucky Rules of Civil Procedure.

served written discovery and deposed Appellee Ray Pinter. But, in 2015, the trial court dismissed Jones's case without prejudice for lack of prosecution under CR 77.02. Jones moved for reinstatement because his counsel failed to receive the Notice to Dismiss for Lack of Prosecution. Jones also noted that, contrary to the trial court's notice, pretrial steps had been taken in the preceding year between June 6, 2014, and June 6, 2015. The trial court granted reinstatement, entered a pretrial order, and the parties engaged in additional discovery.

In 2016, Pinter moved for summary judgment. The trial court denied Pinter's motion. Pinter appealed. The Court of Appeals affirmed denial of summary judgment. This Court denied Pinter's motion for discretionary review in December 2018. Later, Jones disclosed expert witnesses, identified lay witnesses, and noticed alleged damages. Pinter deposed Jones for a second time.

The trial court entered a pretrial order directing the parties to attempt to resolve their disputes through mediation before the pretrial conference. The trial court did not order the parties to attend mediation at a specific date or time. On October 1, 2019, Jones failed to appear for mediation scheduled by the parties without notifying Pinter in advance. In response, Pinter moved to compel mediation and for an order requiring Jones to pay a portion of the fees related to the missed mediation. The trial court granted the motion and required Jones to pay Pinter's share of expenses related to the initial

2

mediation. Jones appeared for a rescheduled mediation on October 30, 2019. Mediation failed to resolve the parties' disputes.

Pinter filed a notice for an independent medication examination ("IME") under CR 35.01. The trial court did not enter an order requiring Jones to attend the IME. The parties scheduled the IME for November 1, 2019. Jones failed to appear without prior notice.

In response, Pinter moved for involuntary dismissal under CR 41.02(1). Jones responded in opposition. Jones attributed his conduct to memory impairment caused by injuries he sustained in the 2013 accident at issue in this case. On January 29, 2020, the trial court found that dismissal with prejudice was warranted "because by failing to appear for the mediation and IME, Jones violated the Civil Rules and this Court's Pre Trial Order and failed to reasonably cooperate with Pinter's attempt to prepare his case."

The Court of Appeals affirmed in a split decision, with one judge concurring in the result only and another judge dissenting without explanation. This Court granted discretionary review.

## II. STANDARD OF REVIEW

We review dismissals under CR 41.02 for abuse of discretion.[2] Under this standard of review, we will reverse the trial court's dismissal only if it was arbitrary, unreasonable, unfair, or unsupported by sound legal principles.[3]

---

[2] *Jaroszewski v. Flege*, 297 S.W.3d 24, 32 (Ky. 2009).

[3] *Goodyear Tire & Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000).

3

### III.  ANALYSIS

Under CR 41.02(1), a defendant may move for dismissal of an action or claim for three reasons.[4]  First, a defendant may move for dismissal based on plaintiff's failure to prosecute.[5]  Second, a defendant may move for dismissal due to plaintiff's failure to comply with the Kentucky Rules of Civil Procedure.[6]  Third, a defendant may move for dismissal for plaintiff's failure to comply with any order of the court.[7]  Consideration of a motion to dismiss under CR 41.02(1) requires fact-specific determinations that are left to the sound discretion of the trial court.[8]  The trial court must base its assessment on the totality of the circumstances.[9]

Still, a trial court's discretion is not unfettered and is subject to an important limitation.  Our courts have long recognized that CR 41.02(1) dismissal with prejudice is an "extreme remedy."[10]  As a result, we must "carefully scrutinize the trial court's exercise of discretion" when reviewing dismissal with prejudice under CR 41.02(1).[11]

---

[4] CR 41.02(1) ("For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against him.").

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Jaroszewski,* 297 S.W.3d at 32.

[9] *See id.* at 36.

[10] *Id.* at 40.  *Cf. Manning v. Wilkinson,* 264 S.W.3d 620, 624 (Ky. App. 2007); *Toler v. Rapid American,* 190 S.W.3d 348, 351 (Ky. App. 2006); *Polk v. Wimsatt,* 689 S.W.2d 363, 364–65 (Ky. App. 1985).

[11] *Manning,* 264 S.W.3d at 624.

In considering the totality of the circumstances, trial courts may consider the factors espoused in *Ward v. Housman.*[12] *Ward* provides a nonexclusive list of factors for consideration when analyzing the totality of the circumstances relevant to a motion to dismiss for lack of prosecution under CR 41.02.[13] The *Ward* factors are: "1) the extent of the party's personal responsibility; 2) the history of dilatoriness; 3) whether the attorney's conduct was willful and in bad faith; 4) meritoriousness of the claim; 5) prejudice to the other party, and 6) alternative sanctions."[14]

The trial court dismissed this action both for Jones's noncompliance with the court's orders and for his failure to prosecute. We consider each in turn.

**A. Dismissal for Noncompliance with Court Orders**

The trial court concluded that dismissal was warranted in part because Jones violated orders of the court by failing to appear for mediation and the IME. But, on this record, to the extent Jones violated any court orders, those violations were insufficient to warrant the extreme remedy of dismissal with prejudice.

First, the trial court incorrectly relied on the missed mediation as a basis for dismissal because Jones ultimately complied with the court's pretrial order, which required the parties to attempt to resolve their disputes through mediation before the pretrial conference.

---

[12] *See* 809 S.W.2d 717, 719 (Ky. App. 1991) (citing *Scarborough v. Eubanks,* 747 F.2d 871, 875–78 (3d Cir. 1984)).

[13] *Id.*

[14] *Id.*

The trial court's February 3, 2016, Civil Jury Trial Order stated that "[t]he parties shall attempt to resolve their differences through mediation prior to the pretrial conference." The Order did not specify a date or time for mediation to occur. It only required that the parties instruct the court on the outcome of mediation once completed. The pretrial conference was set for November 6, 2019.

Even if Jones's failure to appear at the October 1, 2019, mediation constituted a violation of a court order or local rules,[15] Jones eventually complied with the trial court's pretrial order by attending mediation on October 31, 2019—before the November 6, 2019, pretrial conference. As a result, any violation of the trial court's order or the local rules regarding mediation was remedied by Jones's subsequent participation in mediation before the pretrial conference. Moreover, the court levied sanctions due to Jones's failure to appear at the initial mediation, including requiring Jones to pay Pinter's share of mediation fees.[16] It was unreasonable for the court to conclude that the

---

[15] The Rules of Practice & Procedure for the 30th Judicial Circuit, Jefferson Circuit Court, LR 1308, provides that, except by agreement, "all counsel of record and all parties shall attend the mediation."

It is not clear that a violation of local rules justifies dismissal for failure to follow a court order under CR 41.02(1). The plain language of CR 41.02(1) provides that dismissal may be appropriate for plaintiff's failure "to comply with these rules." It appears that CR 41.02(1)'s reference to "these rules" means the Kentucky Rules of Civil Procedure. But we need not definitively resolve that issue here because Jones complied with LR 1308 when he attended the rescheduled mediation on October 31, 2019.

[16] Pinter also contends that Jones failed to comply with paragraph 19 of the trial court's Civil Jury Trial Order, which warned that failure of any attorney or party to comply with the requirements outlined therein may result in unspecified sanctions as deemed appropriate by the court. But even if Jones violated the court's pretrial order, the trial court sanctioned Jones for failure to attend the first mediation. As a

6

missed mediation constituted a violation of a court order that warranted dismissal under CR 41.02(1).

Second, the trial court's reliance on Jones's failure to appear for an IME as a basis for dismissal for noncompliance with court orders is misplaced because the court never ordered Jones to appear for an IME.

On September 19, 2019, Pinter filed a Notice of CR 35 Examination[17] with the trial court. The parties agreed to set the IME for November 1, 2019. Even so, the record is devoid of any evidence that the trial court ordered Jones to appear for an IME.

---

result, Pinter's suggestion that paragraph 19 of the court's pretrial order provides support for dismissal under CR 41.02(1) is unpersuasive because Jones had already been sanctioned for that misconduct.

[17] CR 35.01 provides as follows:

> When the mental or physical condition (including the blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician, dentist or appropriate health care expert, or to produce for examination the person in his custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

The record reflects that the CR 35.01 examination was noticed by Pinter but is devoid of a court order compelling Jones to submit to an IME. Of course, the parties did agree to schedule the IME for November 1, 2019. And Pinter argues that arrangements for a CR 35.01 examination are routinely made without court involvement. Even so, the plain text of CR 35.01 indicates that "the court . . . may order" a party to submit to an examination. It makes no mention of the parties arranging for an examination without court involvement. Furthermore, the rule states that "[t]he order may be made only for good cause shown." Here, there is no indication that Pinter moved the court to order an examination. Even if Jones's conduct violated common civil practice and procedure in Kentucky courts, it is axiomatic that there can be no violation of a court order to submit to a CR 35.01 examination where no motion for such relief was filed and no such order was entered on the record.

Thus, although Jones should have attended the IME, he did not technically violate any *order of the court* by failing to do so. As a result, it was unreasonable for the trial court to conclude that Jones violated a court order by failing to appear for the IME.

Ultimately, while we do not condone Jones's actions in missing the initial mediation and IME, those actions do not constitute violations of court orders that justify the extreme remedy of dismissal with prejudice under CR 41.02(1).[18]

## B. Dismissal for Failure to Prosecute

The trial court also concluded that dismissal was appropriate for failure to prosecute. When reviewing dismissal for failure to prosecute, we must balance the broad discretion given to trial courts with the extreme nature of dismissal of a civil action with prejudice under CR 41.02(1).[19] Ultimately, considering the totality of the circumstances, Jones's misconduct was insufficient to justify the extreme sanction of dismissal with prejudice under CR 41.02(1).

"[P]rosecution in this context essentially entails pursuing the case diligently toward completion or, in other words, actually working to get the case

---

[18] That is not to say that litigants are free to disregard pretrial obligations or court-imposed requirements just because no express court order exists. Failure to cooperate in pretrial discovery or comply with a court's pretrial order may warrant dismissal for failure to prosecute under CR 41.02(1) under the appropriate circumstances, even if no specific court order was directly violated. Nonetheless, a trial court cannot dismiss an action under CR 41.02(1) for failure to comply with an order of the court where no court order exists.

[19] *Jaroszewski*, 297 S.W.3d at 32.

8

resolved—not just keeping it on a court's docket or occasionally working on the file without actively attempting to resolve matters in dispute."[20]  Prosecuting a case diligently to completion "involves, not only preparing one's own case, but also reasonably cooperating with the opponent's active attempts to prepare its case, such as responding timely to discovery requests."[21]

The trial court pointed to three events as the primary bases for its dismissal for failure to prosecute: (1) the court's previous dismissal for failure to prosecute under CR 77.02; (2) Jones's failure to appear for the October 1, 2019, mediation; and (3) Jones's failure to attend the IME.  But the trial court did not base its decision on these events standing alone.  The court also analyzed some of the factors espoused in *Ward* in concluding that dismissal with prejudice was appropriate.  We review the trial court's reasoning below.

First, the record does not reflect a history of dilatoriness that supported dismissal.  On June 6, 2015, the trial court entered a Notice to Dismiss for Lack of Prosecution.  The notice stated that no pretrial steps had been taken in the matter in the preceding year and warned that the case would be dismissed in 30 days unless good cause was shown as to why no pretrial steps had been taken.  On July 20, 2015, the trial court found that no pretrial step had been taken within the preceding year and dismissed the case without prejudice, pursuant to CR 77.02.

---

[20] *Id.* (internal quotations and alteration omitted).

[21] *Id.*

But the court's prior dismissal under CR 77.02 should not have been entered. On July 29, 2015, Jones moved the court to set aside its dismissal and reinstate the case. In support of the motion to set aside, Jones's counsel swore under oath that he never received a copy of the Notice to Dismiss for Lack of Prosecution. Additionally, the record reflects that pretrial steps were taken in the year preceding June 6, 2015. For instance, Jones responded to Pinter's written discovery in August 2014. Jones also propounded written discovery in February 2015, which Pinter answered on June 23, 2015, less than 30 days after the trial court entered its Notice of Dismissal for Lack of Prosecution. In response, the trial court set aside its CR 77.02 dismissal and reinstated the case.

The prior dismissal under CR 77.02 cannot be relied upon as evidence of lack of prosecution or a dilatory history in this matter. The record indicates that Jones failed to receive the Notice of Dismissal for Lack of Prosecution and reflects that Jones was prosecuting the action in the year preceding June 6, 2015. As such, the prior dismissal for lack of prosecution under CR 77.02 was entered in error and cannot provide support for the subsequent dismissal for lack of prosecution under CR 41.02.

That leaves two events supporting the trial court's conclusion that the record reflects a history of dilatoriness—failure to appear for the first mediation and failure to submit to the IME. It is undisputed that Jones failed to appear for the first scheduled mediation and the IME without prior notice to Pinter or

10

the court. No doubt, this conduct reflects a concerning disregard for pretrial deadlines and obligations on Jones's part.

Still, in considering the totality of the circumstances, these two discrete incidents of pretrial misconduct must be weighed against the substantial pretrial steps taken by Jones to prosecute this matter and prepare for trial. Among other actions, Jones propounded and responded to written discovery, participated in depositions, responded to a motion for summary judgment, litigated a two-year interlocutory appeal related to a motion for summary judgment, and complied with pretrial disclosure obligations. And, as previously mentioned, while Jones missed the first mediation, he participated in mediation before the pretrial conference, just a few months before the CR 41.02(1) dismissal. Notwithstanding Jones's failures to appear for the first mediation and IME, the procedural history of the case demonstrates that substantial steps were taken to complete discovery and prepare for trial.

Ultimately, it was unreasonable to conclude that there was a history of dilatoriness on these facts. As a result, the first factor weighs heavily against dismissal.

Of course, some of the *Ward* factors weigh in favor of dismissal. Take, for instance, the extent of Jones's personal responsibility. The trial court found that Jones was personally responsible for missing the mediation and IME. And we will not disturb that conclusion. While Jones presented evidence to the contrary, the trial court reasonably concluded that Jones bore personal responsibility for his absences.

11

The court also concluded that Pinter was prejudiced by Jones's failure to attend the IME because "the additional passage of time after the missed IME [was] particularly significant given that Jones' alleged injury occurred almost seven years ago, thereby raising concerns of fading memories and potential intervening causes of alleged physical issues." Of course, passage of time can result in spoliation of evidence, especially where, as here, an injury or event occurred several years in the past. Still, this factor weighs against dismissal because Jones is not primarily responsible for the bulk of the passage of time in this case. Again, an interlocutory appeal of the trial court's summary judgment denial resulted in an approximate two-year stay in this litigation. Comparatively, Jones's pretrial misconduct delayed this case for a few months prior to the trial court's dismissal.

Lastly, the court also considered imposing less-severe sanctions. The trial court concluded that less-severe sanctions were unwarranted because less-severe sanctions had already been imposed due to Jones's failure to attend the first mediation.[22] As a result, the trial court fairly concluded that this factor weighed in favor of dismissal.

---

[22] The trial court also found that less-severe sanctions were unwarranted, in part, because "Pinter contend[ed] Jones [was] unlikely to reimburse the mediation and IME fees incurred by Pinter when Jones failed to appear and Jones offer[ed] no argument to the contrary." The parties dispute whether Jones paid the mediation fee as required by the trial court's order. In his brief to this Court, Jones contends that he complied completely with the trial court's order imposing sanctions for missing the initial mediation. Pinter argues that the mediation fees were not paid. As the Court of Appeals noted, the record is inconclusive on whether Jones paid Pinter's portion of the mediation fees for the missed mediation. As such, since the record is inconclusive on this point, we decline to consider this evidence as part of our analysis of the totality of the circumstances.

12

Even so, we must consider the totality of the circumstances when reviewing a dismissal under CR 41.02(1).[23] The *Ward* factors provide helpful guidelines in reviewing the totality of the circumstances but are neither dispositive nor required to be applied formulaically.[24]

The trial court's dismissal fails to account for the extreme nature of a dismissal with prejudice under CR 41.02(1). Here, the two discrete incidents of pretrial misconduct—missing the first mediation and failing to appear for the IME—do not constitute failure to prosecute where one of the incidents of misconduct was subsequently cured and the totality of the circumstances reflect substantial steps toward completion of discovery and preparation for trial on the plaintiff's part. Both this Court and the Court of Appeals have upheld dismissals for failure to prosecute for repeated pretrial misconduct or after long delays in litigation.[25] Of course, the length of delay is not dispositive. Under appropriate circumstances, dismissal under CR 41.02(1) may be warranted based on failure to prosecute resulting from egregious pretrial misconduct or numerous delays over a short period. But here, the record reflects two discrete incidents of pretrial misconduct occurring close in time to one another and delaying the litigation by a period of months, not years.

---

[23] *Jaroszewski*, 297 S.W.3d at 34–36.

[24] *See id.*

[25] *See id.* at 30 (upholding dismissal for failure to prosecute where trial court found a lack of sufficient effort to prosecute the case for four years without reasonable explanation); *see also Nolan v. Neeley-Thoms*, 290 S.W.3d 89, 90, 92–93 (Ky. App. 2009) (upholding dismissal under CR 41.02 based on numerous delays over a 2.5-year period).

Without more, the trial court's holding that dismissal with prejudice was warranted for want of prosecution was unreasonable and unsupported by sound legal principles.

In sum, our decision is not an endorsement for excusing lackadaisical pretrial cooperation or preparation. Parties who cavalierly disregard deadlines or their obligation of good faith participation in the pretrial process do so at their own peril. In the present case, although the record before this Court does not support affirmance of the extreme sanction of dismissal with prejudice, further misconduct or dilatory action by Jones may merit the imposition of severe sanctions, including dismissal with prejudice.

## IV.  CONCLUSION

After carefully scrutinizing the record, we find that the trial court abused its discretion by dismissing this action with prejudice under CR 41.02(1). As a result, we reverse the Court of Appeals' decision and remand to the Jefferson Circuit Court for further proceedings consistent with this opinion. On remand, we express no opinion on the imposition of less-severe sanctions for Jones's failure to appear for the IME.

All sitting. All concur.

14

COUNSEL FOR APPELLANT:

Patrick S. McElhone


COUNSEL FOR APPELLEE:

Valerie W. Herbert
Jennifer A. Peterson
Travis Herbert & Stempien, PLLC